UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN THEISEN, as parent, natural guardian and principal custodian of CODY W. THEISEN, minor and beneficiary under the William M. Theisen Second II Irrevocable Trust, )<br><br>Plaintiff, )<br><br>vs. )<br><br>US BANK, successor of Omaha National Bank, Trustee, and OMAHA NATIONAL BANK, )<br><br>Defendants. ) | CIV. 03-234<br><br><br><br>ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OR A NEW TRIAL |

Plaintiff Karen Theisen, on behalf of her minor child Cody Theisen, sued US Bank for breach of fiduciary duty, alleging that it failed to properly oversee and invest a trust established on behalf of the Theisen children, including Cody Theisen. The jury found in favor of the Bank.

Theisen now renews her motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). In the alternative, Theisen moves for a new trial pursuant to Fed. R. Civ. P. 59.

**FACTS**

Viewing the evidence in the light most favorable to the Bank, the nonmoving party: Mrs. Theisen and William Theisen (Mr. Theisen) were married in 1977. Mr. Theisen, a businessman, handled the financial aspects of the marriage. In 1980, Mr. Theisen, as grantor, executed an instrument

which created the William M. Theisen Second Irrevocable Trust (the 1980 Trust). In 1985, Mr. Theisen's attorney contacted Michael O'Malley, a trust administrator at the Bank, to discuss whether the financial institution would serve as successor trustee to the 1980 Trust. Mr. Theisen requested that his personal financial advisor, Michael Scherr, manage and invest the assets. O'Malley, also a friend of Scherr, believed Scherr was qualified to manage assets on behalf of the Bank because of his extensive prior investment experience.

On October 29, 1985, the 1980 Trust was restated as the William M. Theisen Second II Irrevocable Trust (the Trust). The Bank was named successor trustee and the Trust was funded with assets valued at approximately $3.7 million. Mr. Theisen signed an indemnification agreement on November 20, 1985. The Bank requested the indemnification agreement because it did not have direct input in the investment process and sought to avoid liability for investment mistakes made by Scherr.

The Trust terms authorized the Bank to use or employ agents to assist in the administration of the assets and also afforded discretion in the manner in which the assets could be invested. The usual practice of the Bank was to take and keep control of trust assets, including periodic review by an internal committee. From October 29, 1985, through December 31, 1999, however, the Bank allowed Scherr to render investment, management, and safekeeping

responsibilities with respect to the assets of the Trust. During these years, Scherr maintained exclusive custody of the assets of the Trust and invested primarily in high quality investment grade municipal bonds. Scherr maintained detailed records concerning the securities and kept Mr. Theisen continuously updated as to the nature and performance of the investments. During this period of time, the value of the assets, including distributions, rose from $3.7 million to approximately $9.4 million.

In 2000, Mr. Theisen and Mrs. Theisen divorced. Mr. Theisen, Scherr, and O'Malley met to discuss the future administration of the Trust. The decision was made that Scherr would relinquish his investment responsibilities to avoid any competing interests between Mr. Theisen and Mrs. Theisen. Scherr turned over custody of the Trust's assets to the Bank in February 2000. The Bank subsequently diversified the investment portfolio by placing a percentage of the assets in equities. The majority of the assets remained invested in municipal bonds.

Mrs. Theisen amended her initial pleading on November 26, 2003. The amended complaint raised numerous allegations related to her claim that the Bank, as trustee, mismanaged the Trust and breached its fiduciary duties to the beneficiary children. In summary, Mrs. Theisen primarily claimed mismanagement by the Bank for failing to ensure diversification of the invested assets. The jury found in favor of the Bank.

## A.    Renewed Motion for Judgment as a Matter of Law

"Judgment as a matter of law is appropriate only when all of the evidence points one way and is 'susceptible of no reasonable inference sustaining the position of the nonmoving party.'" Belk v. City of Eldon, 228 F.3d 872, 877 (8th Cir. 2000) (quoting McKnight v. Johnson Controls, 36 F.3d 1396, 1400 (8th Cir. 1994)).  The court may grant post-verdict judgment as a matter of law only where the evidence is "entirely insufficient to support the verdict."  Id.  The court views the evidence in the light most favorable to the nonmoving party.  Manus v. American Airlines, Inc., 314 F.3d 968, 972 (8th Cir. 2003).   In determining whether to grant judgment as a matter of law, the court must not engage in weighing or evaluating evidence and cannot consider questions of credibility.  Hawkins v. City of Farmingham, 189 F.3d 695, 701 (8th Cir. 1999).

Pursuant to the terms of the Trust, the Bank's actions were judged under a standard of good faith.  Substantial evidence was presented at trial indicating that the Bank met this standard, namely: the Bank followed the expressed intentions of the grantor and the father of the beneficiaries, the Trust earned significant returns on its initial investment with limited risk to the beneficiaries, low risk investments were appropriate in light of the fact that the trustor's other investments were in high risk ventures, and the Trust had more than sufficient assets to fulfill the purposes of the Trust as articulated in

the Trust. In fact, one expert described the Trust portfolio as a "beautiful" portfolio with diversification amongst different types of municipal bonds. Although some evidence did display departure from usual trust procedures, most of the evidence supported an inference that the Trust was appropriately managed. This evidence is more than sufficient to support the jury verdict.

### B.   Motion for New Trial

Authority to grant a new trial on a motion pursuant to Fed. R. Civ. P. 59 is within the sound discretion of the court. Douglas County Bank & Trust Co. v. United Financial Inc., 207 F.3d 473, 478 (8th Cir. 2000) (citing Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996)). "District courts enjoy broad discretion in choosing whether to grant a new trial, and thus, [appellate courts] accord great deference to their Rule 59 rulings." Douglas, 207 F.3d at 478. A new trial may be necessary because of trial error, verdicts against the weight of the evidence, or damage awards that are excessive or inadequate. Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). A new trial will be granted when a miscarriage of justice occurred in the first trial. Larson v. Farmers Co-op. Elevator of Buffalo Center, Iowa, 211 F.3d 1089, 1095 (8th Cir. 2000). A miscarriage of justice occurs when there is not sufficient evidence to support the verdict. Id. (citing First State Bank of Floodwood v. Jubie, 86 F.3d 755 (8th Cir. 1996)). When a district court applies the proper legal standard and finds that the verdict is not against the weight of the evidence, the district

court's denial of a Rule 59 motion is virtually unassailable. Pulla v. Amoco Oil Co., 72 F.3d 648, 656 (8th Cir. 1995).

Plaintiff alleges that the trial was infected with prejudicial information regarding the wealth of Mrs. Theisen and the Theisen children and their financial dealings with the Trust to date. Plaintiff generally refers to payments that she received from the Trust and her dealings with the Trust. Aside from these bare allegations, plaintiff does not explain how this information improperly influenced the jury. The court must use its discretion in determining when evidence's probative value is outweighed by unfair prejudice. Jones v. Swanson, 341 F.3d 723, 735 (8th Cir. 2003). The plaintiff must also demonstrate that the exclusion of the evidence would have produced a different outcome. Id.

In this case, the jurors were undoubtedly going to be exposed to evidence of the Theisen family wealth. The specific trust information, brought into dispute by Mrs. Theisen, would have required revealing information about the value of the Trust at different points in time, the disbursements from the Trust, and the sufficiency of the Trust to meet the needs of the children. Furthermore, the amount of child support distributed to Mrs. Theisen is probative of the sufficiency of the Trust assets to meet the goals of the Trust terms. Even excluding that information, the jurors would have been aware that the Theisen family is a wealthy family. And plaintiff offers no proof that

6

the outcome of the trial would have been different if this evidence has been excluded. Absent any proof that the jurors improperly considered financial information about Mrs. Theisen or the children or proof that a different outcome would be likely, the motion for new trial is denied.

Accordingly, it is hereby

ORDERED that plaintiff Theisen's Motion for Judgment as a Matter of Law and Motion for New Trial (Docket 195) is denied.

Dated June 28, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE